**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV193-02**
**(4:98CR144)**

| | | |
|---|---|---|
| **LLOYD ANTHONIE WILLIAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| ________________________________ | ) | |

**THIS MATTER** is before the Court on Petitioner's motion to void judgment and related documents by which he seeks reconsideration of this Court's Order denying his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and on his motion for summary judgment. *See* **"Motion to Void Judgment of Court Dismissing 28 § 2255 Petition," filed November 7, 2007; Movant's Reply in Opposition to Respondent's Motion for Summary Judgment and Movant's Motion for Summary Judgment, filed January 31, 2008.** For the reasons stated herein, Petitioner's *de facto* motion for reconsideration is granted, but only to the extent that the Court will consider the arguments raised therein; and

his motions to void the Court's Judgment and for summary judgment will be denied.

## I. PROCEDURAL HISTORY

On May 4, 1998, the Petitioner was charged with conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, using and carrying a firearm during and in relation to that drug trafficking offense, and unlawful possession of a firearm by a convicted felon, all in violation of 21 U.S.C. §§ 846, 841(a)(1), 18 U.S.C. §§ 924(c)(1) and 922(g), respectively. **Bill of Indictment, filed May 4, 1998.** On December 3, 1998, the Government gave notice of its intention to seek enhanced punishment based upon three of Petitioner's prior felony convictions.[1] ***See* Information pursuant to 18 U.S.C. § 924(e), filed December 3, 1998.**

On December 7, 1998, the day Petitioner's trial commenced, the Government elected to proceed only on the felon-in-possession charge

[1] The Government sought to rely on Petitioner's two felony convictions for sale of cocaine and a felony conviction for assault with a deadly weapon inflicting serious injury, all imposed in the Superior Court of Cleveland County on December 6, 1991.

under § 922(g), and voluntarily dismissed the other two charges. During the course of the trial, the Court denied Petitioner's motion to suppress his statement to authorities that he had bought the subject firearm from a child for the purpose of keeping the child and others safe from danger. **Transcript of Trial Proceedings, filed November 17, 1999, at 8-9.** The Court also denied Petitioner's two motions to dismiss. ***Id.* at 27.** At the conclusion of the one day trial, the jury convicted Petitioner of the charge. **Verdict Sheet, filed December 7, 1998.**

On August 4, 1999, the Court conducted Petitioner's sentencing hearing during which it determined that, by virtue of the § 922 conviction and the nature of two of Petitioner's 21 prior adult convictions, he was a career offender. The Court further determined that Petitioner's corresponding offense level was 37 and his 17 criminal history points placed him in criminal history category VI. The Court sentenced Petitioner to life imprisonment. **Judgment in a Criminal Case, filed August 31, 1999.**

Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. The Circuit affirmed Petitioner's conviction, along with this Court's denial of his motion to suppress and his request for an offense

level reduction for acceptance of responsibility. ***United States v. Williams*, 16 F. App'x 90, 93-95 (4th Cir.), *cert. denied*, 534 U.S. 938 (2001).** However, the Circuit ruled this Court had erred in sentencing Petitioner as a career offender. The case was remanded for resentencing and consideration of whether he could be sentenced, as the Government had argued, as an armed career criminal. ***Id.* at 95**.

During the second sentencing hearing held October 29, 2001, this Court found Petitioner was subject to sentencing as an armed career criminal and a two-point offense level increase because the firearm identified in the indictment had been used during a drug trafficking offense. After determining Petitioner's total offense level to be 34 with a criminal history category VI, the Court sentenced Petitioner to 300 months imprisonment. **Judgment in a Criminal Case, filed November 8, 2001.**

Petitioner appealed that sentence. Critical to the proceedings here, Petitioner argued on appeal that this Court should not have treated his two state court drug convictions as "serious drug offense[s]" for armed career criminal purposes because by the time this Court sentenced him in 1999, North Carolina had amended its laws such that his prior drug offenses no longer carried maximum sentences of "ten years or more" as required

under § 924(e). ***United States v. Williams*, 57 F. App'x 553, 555 (4th Cir. 2003).** However, the Fourth Circuit found that North Carolina had exempted its revisions from application to crimes which were committed before their 1994 enactment date. ***Id.* at 556.** The Circuit reasoned that since Petitioner had committed his state offenses in 1991, he was subject to ten years imprisonment at that time and in 1999 when he was sentenced by this Court. ***Id.*** Accordingly, the Circuit affirmed Petitioner's designation as an armed career criminal. ***Id.*** Again, however, the Circuit found this Court erred in imposing the two-level increase for Petitioner's having used the subject firearm in connection with a drug trafficking crime. ***Id*. at 556-57.** The Circuit vacated Petitioner's sentence a second time and remanded the case with specific instructions that this Court impose a term of imprisonment within the range of 235-293 months. ***Id*. at 558.**

A third and final sentencing hearing was held on April 29, 2003. On that occasion, Petitioner informed this Court that on April 17, 2003, he had filed a motion for appropriate relief in the Superior Court of Cleveland County asserting that his guilty pleas to the subject two drug offenses had been tendered upon his former attorney's erroneous representation that the offenses would be consolidated into a single judgment and treated as a

single offense for future sentencing purposes. **Transcript of Sentencing Hearing, filed June 23, 2003, at 3.** Petitioner further informed this Court that on April 17, 2003, the Superior Court granted his motion to the extent that it converted his two convictions for sale of cocaine into convictions for possession of cocaine, and made the conversions effective from the original date of sentencing. ***Id*. at 4.** Petitioner argued, therefore, that he was not subject to sentencing as an armed career criminal because his prior drug convictions no longer were offenses which carried terms of imprisonment of ten years or more. ***Id*. at 6.**

The Government argued that the mandate rule required this Court to sentence Petitioner in accordance with the Fourth Circuit's instructions that this Court impose a sentence within the range of 235 and 293 months. ***Id*. at 10.** After considering the parties' arguments, this Court found that it was constrained by the mandate rule, and imposed a term of 293 months imprisonment. **Judgment in a Criminal Case, filed May 7, 2003.**

Petitioner again appealed, arguing that he should not have been sentenced as an armed career criminal because his two prior drug offenses no longer qualified as serious drug offenses, and the Court was obligated to consider such newly discovered evidence as an exception to

the mandate rule. ***United States v. Williams*, 162 F. App'x 254, 255 (4th Cir. ), *cert. denied*, 547 U.S. 1050 (2006).** However, the Fourth Circuit concluded that this Court was constrained by the mandate rule because Petitioner had failed to act with due diligence in seeking and obtaining the modification of his two prior drug convictions and affirmed the Petitioner's sentence. ***Id*. at 260-61.**

On June 21, 2006, Petitioner filed his § 2255 motion attacking his conviction and 293-month sentence, claiming his sentence violates the Constitution or the laws of the United States because it exceeds the term which this Court was authorized to impose and was not imposed in consideration of the amended judgment which was issued by the Cleveland County Superior Court. Petitioner also claims that he is "actually innocent of the enhanced sentence imposed upon hi[m] "; and that he was subjected to numerous instances of ineffective assistance of counsel.[2]

---

[2] Specifically, Petitioner alleges that trial counsel was ineffective for: (a) having stipulated to his prior felony convictions; (b) having abandoned his defense by counsel's admission that Petitioner had purchased the subject firearm from a child; (c) failing to advise him of his right to testify and refusing to allow him to testify; (d) failing to advise him of the strength of the prosecution's case and to plead guilty to the charge; (e) failing to investigate and object to the prosecution's use of his prior convictions for armed career criminal purposes; and (f) failing to object to the lack of a recommendation for a reduction for acceptance of responsibility. Petitioner also claims that another of his attorneys was ineffective at resentencing

On July 11, 2007, the Government responded to Petitioner's motion and moved for summary judgment, arguing that Petitioner's challenges to his sentence and his assertion of actual innocence were procedurally foreclosed by the Fourth Circuit's decision that Petitioner's 293-month sentence was properly imposed by this Court. ***Williams*, *supra*, 162 F. App'x at 261**. The Government also argued that Petitioner's allegations of ineffective assistance of counsel based on his attorneys' alleged failures to secure a lower sentence for him, were likewise foreclosed by the Fourth Circuit's affirmation of his sentence. Last, the Government argued that Petitioner's remaining claims against counsel were legally baseless and factually foreclosed by the record evidence. Therefore, the Government asserted that it was entitled to judgment as a matter of law on all of Petitioner's claims.

On July 23, 2007, the Court entered an Order advising Petitioner of his responsibility to file a response to the Government's motion. **Order,**

---

for: (a) failing to argue that the predicate drug convictions did not subject him to sentencing as an armed career criminal; and (b) failing to argue that he actually was innocent of the Armed Career Criminal Act. Petitioner further argues that another attorney was ineffective during his third appeal for: (a) failing to fully brief and argue that the modification of his prior drug convictions precluded his sentencing as an armed career criminal; and (b) failing to file a supplemental brief arguing that this Court should have treated the Guidelines as advisory.

**filed July 23, 2007; *see also*, *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)*.***

On October 2, 2007, this Court entered a Memorandum and Order and Judgment granting the Government's motion for summary judgment and dismissing Petitioner's § 2255 motion. Although the Court noted that Petitioner had failed to respond to the Government's motion for summary judgment, the decision to deny Petitioner's motion to vacate did not rest entirely on that fact. ***See* Memorandum and Order, Judgment, filed October 2, 2007.**

On November 7, 2007, Petitioner filed the instant motion to void judgment, asserting that he had, in fact, attempted to respond to the Government's motion for summary judgment as this Court had instructed in its Order, but the envelope containing his response was returned, unopened, and marked "unclaimed." Petitioner has submitted copies of certain envelopes and receipts, all of which tend to support his representations that he timely responded to the Court's Order.[3]

---

[3] One of the Petitioner's exhibits shows an envelope with the notation "Postage Due .62." It is the Court's policy to return envelopes to sender when received by the Clerk with insufficient postage. This might explain why Petitioner's pleadings were returned to him and marked "unclaimed."

Consequently, the Court finds that Petitioner is entitled to have his claims reconsidered on the basis of the arguments which he raises in his combined response to the Government's motion for summary judgment and his own motion for summary judgment. Notwithstanding such reconsideration, however, the Court further finds that Petitioner is not entitled to any relief on his claims.

## II. DISCUSSION

The Fourth Circuit has ruled that this Court properly applied the mandate rule when it refused to consider the newly discovered evidence of the state court's modification of Petitioner's two drug convictions and sentenced him as an armed career criminal. ***Williams*, 162 F. App'x at 261.** Nothing in either Petitioner's motion to vacate or his motion for reconsideration establishes that there has been some favorable, intervening change in the law which requires this Court to entertain any claims which directly or indirectly challenge the appropriateness of his sentence. ***Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (arguments fully considered on direct appeal may not be "recast" and relitigated "under the guise of a collateral attack");**

***Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal citations omitted).** Consequently, this Court will not disturb its earlier determination that the Fourth Circuit's decision stands as a bar to Petitioner's ability to obtain relief on any of his allegations concerning the constitutionality of his sentence or his innocence of the sentence.

Similarly, Petitioner's response to the Government's motion for summary judgment fails to disclose any support for his claims against his attorneys. In particular, Petitioner still does not show any prejudice in connection with his claim that counsel was ineffective for having stipulated to the existence of his three prior convictions. Even in the absence of that stipulation, those matters easily would have been proven by the Government through the introduction of certified copies of the judgments of conviction. By stipulating to those matters, however, counsel prevented the jury from hearing any of the specific details of the crimes, including the conviction for assault with a deadly weapon inflicting serious injury.

Likewise, Petitioner's response fails to establish any prejudice in connection with his argument that counsel was ineffective for having

abandoned the strategy to challenge the admissibility of Petitioner's statement that he had bought the firearm in question from a child. As Petitioner is aware, this Court denied his motion to suppress after conducting a full hearing on that matter. Therefore, had counsel continued to pursue a strategy which was grounded in challenging the admissibility of Petitioner's statement, counsel would have been met with stern admonitions from this Court, and his efforts likely would have made a negative impression upon the jury.

Further, Petitioner's response does not change the Court's impression concerning the failure of his claims that counsel was ineffective for having failed to advise Petitioner of his right to testify and to allow Petitioner to testify in his own defense. First, the record reflects that at the close of the Government's presentation, the Court asked whether there was "any evidence for the defense?" The transcript reflects that counsel was permitted to consult with the Petitioner; thereafter, counsel stated to the Court, "No, Your Honor, we will not. There will not be." **Trial Transcript, *supra*, at 26.** Given those facts, the record simply does not support Petitioner's assertion that counsel precluded him from testifying.

Secondly, neither Petitioner's motion to vacate, his supporting affidavit nor his response sets forth what he would have testified about or how such testimony would have had a favorable impact on his trial. Thus, Petitioner cannot show a deficiency or prejudice in connection with these allegations.

Likewise, Petitioner's response does not establish any prejudice in connection with his claim that counsel was ineffective for having failed to advise him of the strength of the Government's case. Indeed, Petitioner was fully aware that he had been caught in possession of the subject firearm, that his prior convictions were a matter of public record, and that he essentially had confessed his guilt to the firearm offense. In sum, Petitioner had the critical information which was needed to assess the Government's case and his chances for success at trial; consequently, he cannot show that he was prejudiced by counsel's performance.

Further, Petitioner's response does not change the Court's conclusion that he has failed to show any prejudice in connection with his claims that one of his attorneys was ineffective for having failed to investigate his prior drug convictions; and that two of the attorneys were ineffective for having failed to argue that those convictions did not subject

him to sentencing as an armed career criminal. Rather, as the Government noted, the Fourth Circuit rejected the basis of those claims when it was raised in Petitioner's second appeal. Therefore, had either counsel attempted to argue the inapplicability of the subject convictions or otherwise sought a sentence reduction from this Court, those efforts ultimately would have been unsuccessful.

Petitioner's response also does not add any support to his claim that counsel was ineffective for having failed to challenge the lack of a reduction for acceptance of responsibility. First, it is highly unlikely that this Court would have granted that request in light of Petitioner's attempt to suppress his confession, his insistence upon a trial, and his incredible assertion that his possession of the firearm was merely the result of his altruistic desire to protect others and not connected with his drug trafficking activities. Second, when that issue was reviewed in Petitioner's first appeal – albeit for plain error – the Fourth Circuit squarely concluded that he was not entitled to the reduction because he had not shown an actual acceptance of responsibility for his crime. ***See Williams*, 16 F. App'x at 92-93 (noting that the record did not reflect Williams'**

**acknowledgment of guilt)**. Therefore, Petitioner cannot demonstrate any prejudice in connection with this claim.

Petitioner's response also fails to add any additional support for his claim that counsel was ineffective during his third appeal for having failed to supplement the record in such a manner as to enable him to argue and show that his case qualified for an exception to the mandate rule. Indeed, while the materials cited by Petitioner tend to reflect that he began filing documents in the North Carolina courts within months of his first sentencing here, such materials do not reflect any earlier attempt by him to have his drug convictions converted from ten-year to five-year offenses.

On the contrary, several of the documents relate to requests for transcripts and other matters which had no impact on the state court's 2003 decision to modify Petitioner's convictions. Thus, Petitioner cannot establish any prejudice on this claim because even if appellate counsel had included such additional documents in the record, it simply is not likely that the information would have shown due diligence in Petitioner's specific efforts to have his convictions modified.

Nor does Petitioner's response add any support for his claim that counsel should have argued that this Court had failed to treat the Guide-

lines as advisory. Indeed, although Petitioner argues that counsel would have succeeded in challenging this Court's mandatory application of the Guidelines and that such success would have secured yet another sentencing hearing for him, he fails to set forth any information concerning how a fourth sentencing hearing would have worked to his benefit. Instead, Petitioner incredulously claims only that he "would have been able to mount a viable challenge to his being sentence[d] under § 924(e) and further would have been successful with his modification of state convictions used as ACCA predicates." Suffice it to say, however, this naked assertion falls far short of establishing prejudice.

After reconsideration, this Court reaffirms its earlier conclusions that certain of Petitioner's claims are procedurally barred by the Fourth Circuit's denial of his appeal and, other than his conclusory allegations, the record is void of any evidence of deficiency and/or prejudice by his former attorneys and their conduct. Consequently, the Court concludes that Petitioner's *de facto* motion for reconsideration must be denied.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to void judgment of Court is **DENIED**; the other documents filed therewith, construed as a motion for reconsideration, is **GRANTED**; and such reconsideration having been given, the Memorandum and Order and Judgment of this Court filed October 2, 2007, is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for summary judgment is **DENIED.**

Signed: March 12, 2008

Lacy H. Thornburg
United States District Judge