IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:06cv193
[Criminal Case No. 4:98cr144]

LLOYD ANTHONIE WILLIAMS, )
)
        Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
        Respondent. )
_____ )

**THIS MATTER** is before the Court on the Petitioner's Motion for Relief of Judgment pursuant to Federal Rules of Civil Procedure, Rule 60(b)(5) and (b)(6) [Doc. 26] and his Motion for Expedited Default Judgment [Doc. 27].

## PROCEDURAL HISTORY

The Petitioner initiated this action to vacate, set aside or correct his conviction and sentence on June 21, 2006. [Doc. 1]. On October 2, 2007, this Court denied relief.[1] [Doc. 11]. The Petitioner thereafter made several filings which were construed as a motion for reconsideration, all of which were denied on March 12, 2008. [Doc. 17]. The Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit which dismissed

---

[1] Relief was denied by Hon Lacy H. Thornburg. When Judge Thornburg retired, this case was reassigned to the undersigned.

the appeal on January 12, 2009. United States v. Williams, 307 F. App'x. 726 (4th Cir.), cert. denied __ U.S. __, 130 S.Ct. 161, 175 L.Ed.2d 102 (2009).

On July 26, 2010, the Petitioner filed a motion to amend his original §2255 motion, asking that the amendment relate back to the time of the original filing. [Doc. 24]. That motion was denied on September 7, 2010. [Doc. 25]. Undeterred, the Petitioner has made the additional filings which are addressed herein.

## DISCUSSION

Nearly three years after the Fourth Circuit dismissed the Petitioner's appeal from the denial of his §2255 motion, he has attempted to revive the action. He asks the Court "to re-open its judgment denying 28 U.S.C. §2255 relief based on clarifying law supporting his claimed violations or in the alternative respectfully requests that the court accept the instant motion as an extension of his initial timely filed 2255 Petitioner which raised the same claim that has now been recognized by this court and the United States Supreme Court." [Doc. 26 at 1]. The issue is whether the Petitioner's Rule 60 motion is actually a second or successive 2255 Petition. If it is, then this Court has no jurisdiction to consider it. Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts ("Before presenting a second or successive motion, the moving party must obtain an order from the

2

appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

The Fourth Circuit has considered the "question of how to distinguish a proper Rule 60(b) motion from a successive [application] in 60(b)'s clothing." United States v. Winestock, 340 F.3d 200, 207 (4th Cir.), cert. denied 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003) (internal quotation and citation omitted).

> There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. . . . [N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Id.

"Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." Eberhardt v. Integrated Design & Constr. Inc., 167 F.3d 861, 870 (4th Cir. 1999). Indeed, "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." Winestock, 340 F.3d at 206 (internal quotation and citation

3

omitted) (emphasis in original).

In this motion, the Petitioner argues that he is actually innocent of being an armed career criminal. He acknowledges that this is the same issue he asserted in the original §2255 motion, a motion which was denied. The distinction, he claims, is that his position has now been recognized by United States Supreme Court. Nonetheless, his claim of actual innocence was previously litigated, and Petitioner now merely seeks to advance a new legal argument on that point. It is, therefore, clearly a continuation of his collateral attack on his conviction and sentence. <u>Winestock</u>, 340 F.3d at 206-207. As such, this Court has no jurisdiction and may not consider it.

Section 2255(h) provides in pertinent part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h).

Based on the record and the claim the Petitioner has now raised, the

4

motion must be treated as a second or successive §2255 application. The Petitioner's claim of actual innocence must therefore be presented to the United States Court of Appeals for the Fourth Circuit for certification in accordance with 28 U.S.C. §2255(h). The motion is therefore denied.

The Petitioner also moved for entry of default against the Government, alleging that it failed to respond to a previous court order. [Doc. 27]. This issued was addressed and denied by the Court in an Order filed on September 7, 2010. [Doc. 25]. Moreover, there is no pending action in which the Court could entertain any such motion.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion for Relief of Judgment pursuant to Federal Rules of Civil Procedure, Rule 60(b)(5) and (b)(6) [Doc. 26] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Expedited Default Judgment [Doc. 27] is hereby **DENIED**.

Signed: May 29, 2012

Martin Reidinger
United States District Judge